### SEIGNOURET v. HOME INS. CO. and others.[1]

*(Circuit Court, E. D. Louisiana. July 2, 1885.)*

CORPORATIONS—REDUCTION OF CAPITAL STOCK.
    Under the laws of Louisiana authority to increase the capital stock of a corporation must be express. As the constitution and laws of Louisiana provide for the increase of the capital stock, but are silent as to a decrease, the power to reduce the stock of a corporation was intentionally denied.

In Chancery.

*E. H. Farrar* and *E. B. Kruttschnitt,* for complainants.

*Chas. B. Singleton, Richard H. Browne, B. F. Choate,* for defendants.

PARDEE, J. The suit is brought to restrain the Home Insurance Company from reducing its capital stock. The question is one of the power of the company, and not of the propriety of its proposed action. It is well-settled corporation law, "that a corporation has no implied authority to alter the amount of its capital stock where

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

the charter has definitely fixed the capital at a certain sum. The shares of a corporation can neither be increased nor diminished in number, or in their nominal value, unless this be expressly authorized by the company's charter." ·Mor. Priv. Corp. § 230.  See Tayl. Priv. Corp. § 133; Green's Brice's Ultra Vires, 158; *Granger's Life Ins. Co.* v. *Kamper*, 73 Ala. 325. And it is understood that the same law prevails in Louisiana. See *Percy* v. *Millaudon*, 3 La. 569. Article 239 of the constitution of Louisiana prohibits increase of stock of corporations, except in pursuance of general laws. See, also, act 26 of 1882, of the Laws of Louisiana, specifically providing the mode and manner by which the stock of corporations may be increased. See, also, section 693, Rev. St. La. From these Louisiana authorities it seems clear that the authority to increase the capital stock of a corporation must be express. It would also seem that, as the constitution and the law thereunder provide for the increase of the stock, but are silent as to a decrease, the power to decrease the stock of a corporation was intentionally denied.

All the authorities examined, and the nature of things, are to the effect that a decrease of capital stock affects injuriously more parties and interests than would an increase; increase of capital being generally considered to be beneficial to shareholders and creditors alike,—to the former as tending to diminish and not to add to their individual risks; to the latter as increasing the amount of their security. See Green's Brice's Ultra Vires, 160.

In *Percy* v. *Millaudon, supra,* Judge MARTIN, speaking of the attempted reduction of the capital of the Planters' bank, says:

"Creditors and customers have a claim to the preservation of the capital in its original integrity, for the faith of which they accept the notes of the institution, deposit their money, and lodge paper for collection. So has the public, on account of the advantages which the legislature has stipulated the bank should afford, as a consideration for the immunities and privileges which the charter confers. So have the stockholders, on account of the profits which they have a right to expect on the investments they have respectively made."

I do not understand counsel for defendant to seriously deny that the authority to increase or decrease the amount of capital stock of a corporation must be express; but he claims that to corporations created under the general law, as the Home Insurance Company was, the power to increase or diminish stock is given by section 687, Rev. St. La., which reads:

"It shall be lawful for the stockholders of any corporation, at the general meeting convened for that purpose, to make any modifications, additions, or changes in their act of incorporation, or to dissolve it with the assent of three-fourths of the stock represented at such meeting; any such modification, addition, change, or dissolution shall be recorded as required by the preceding section."

And he contends that his construction of the power given in said section has been sanctioned by long-continued practice and usage among the corporations of the state, and the case proves that a num-

ber of leading insurance companies in the city of New Orleans, under such construction, have either increased or decreased their capital stock. Some have done both. The legislative construction of section 687 can be found in the proviso of section 693, "provided that nothing in this act shall be so construed as to authorize an increase in the capital stock of any railroad company." The judicial construction should be found in the reports of adjudged cases, but an examination of the Louisiana Reports shows no case where the question has been raised. It is a fair inference, then, that in every case where there has been an increase or decrease of capital stock, under authority claimed to be given by section 687, there has been unanimous consent of stockholders and creditors, which makes a very different case from the present one.

While the Louisiana courts have not been called on to determine whether an increase or decrease of the capital stock of a corporation is within the scope of section 687, and there are few if any cases from sister states, the English courts have construed similar provisions against the claimed authority.

In *Smith* v. *Goldsworthy*, 4 Adol. & E. N. S. 430, it was held that a provision "that for the better conduct and management of the affairs of the company, it should be lawful for a special general meeting called for the purpose, from time to time, to amend, alter, or annul, either wholly or in part, all or any of the clauses of the said deed, or of the existing regulations and provisions of the company," did not authorize a reduction of the number and value of the shares of the company. See, also, *Droitwich Patent Salt Co.* v. *Curzon*, L. R. 3 Exch. 35; *In re Ebbw Vale Steel, etc., Co.* 4 Ch. Div. 827; *In re Financial Corporation, Holmes' Case*, L. R. 2 Ch. 714; *Society* v. *Abbott*, 2 Beav. 559. For American cases, see *Granger's Life Ins. Co.* v. *Kamper*, 73 Ala. 325; *Salem Mill Dam* v. *Ropes*, 6 Pick. 23.

The power to dissolve does not carry the power to change the capital stock. Reducing the capital stock is practically the dissolution of the company and the organization of a new company. It did appear to me on the hearing that the proposed action of the Home company was not a reduction of the capital stock, for the capital and assets of the company are to remain the same. It seems that since the organization the capital has been nominal, to the extent that only by estimation has the actual capital of the company been equal to the par value of the shares, and the proposed action now is but to write off the par value of the shares so that the par value and the estimated value may be equal, the actual capital not being affected,—the actual stock being the same after the proposed action as before. It seems clear to me that the writing off the value of shares is such an infringement of the rights of property as can only be accomplished by consent, or a clear power given in the charter. However, I have concluded to treat the case as the parties have presented it, and not from this latter view. It seems perfectly clear to me that the proposed action of

the Home Insurance Company cannot be lawful over the protest of dissenting stockholders.

The injunction issued in the case will be perpetuated in the decree.